[No. 504.    August 8, 1892.]

## SYLVESTER CHAVEZ AND VENESLADO CHAVEZ, PLAINTIFFS IN ERROR, v. TERRITORY OF NEW MEXICO, DEFENDANT IN ERROR.

CRIMINAL LAW—LARCENY—CATTLE BRAND—EVIDENCE OF OWNERSHIP.— In a prosecution, on indictment, for larceny of an animal, it may be alleged and proven that another than he in whose name the brand was recorded was the owner of the brand or the animal, at the time of the larceny. Under section 57, Compiled Laws, a brand is prima facie evidence, not of the ownership of the person in whose name it is recorded, but of the ownership of the person " whose brand it may be;" the statute contemplating a possible change of ownership of such brand after record. If the brand was recorded, it is still prima facie evidence of the ownership of the true owner at the time of the larceny; and evidence offered to prove who was the " true owner" is not subject to the objection that it was proving ownership of the brand by parol evidence.

ID.—REASONABLE DOUBT—INSTRUCTIONS.—An instruction, in such case, that "the presumption of law is that the defendants are innocent, and this presumption continues with them until it is overcome by evidence, beyond a reasonable doubt, that they are guilty as charged," and that " a reasonable doubt is not a mere possibility of a doubt, but it must be a reasonable doubt growing out of all the evidence and circumstances in evidence in the case," was a sufficient instruction as to what a "reasonable doubt" is, and without prejudice to defendants.

ERROR, from a judgment convicting defendants of larceny, to the Second Judicial District Court, Valencia County.    Judgment affirmed.

The facts are stated in the opinion of the court.

NEILL B. FIELD for plaintiffs in error.

Huning's testimony that he was the owner of the circle H brand is in violation of the statutes.    Comp. Laws, 1884, secs. 54, 55, 57, 64, 65.

The sections of the statutes cited above provide that "no evidence of ownership by brands shall be permitted in any court in this territory unless the brands shall have been recorded;" that in all suits at law and in equity, and in all criminal proceedings, when the title of any stock is involved, the brand on an animal shall be prima facie evidence of ownership of the person whose brand it may be, if the brand has been duly recorded, and that proof of the right to use the brand shall be made by a certified copy of the record. The statute also requires that all sales of animals, with certain exceptions, shall be evidenced by a bill of sale, and prescribes a penalty for its violation; and a sale attempted to be made in violation of the statute is void and passes no title. Miller v. Ammon, 12 Sup. Ct. Rep., June 20, 1892, p. 884.

An allegation in the indictment that the property is the property of A. is not sustained by proof that the property belongs to A. & Co., a partnership of which A. is a member. People v. Frank, 1 Idaho (U. S.), 200; State v. McCoy, 14 N. H. 364; People v. Ah Sing, 19 Cal. 598; State v. Lyon, 47 N. H. 416; Com. v. Trimmer, 1 Mass. 476.

The definition given by the court of a "reasonable doubt" was not a proper legal definition. People v. Lachanais, 32 Cal. 434; People v. Ast, 44 Cal. 288; Com. v. Webster, 5 Cush. (Mass.) 295.

EDWARD L. BARTLETT, solicitor general, for the territory.

Under section 57, Compiled Laws, a recorded brand is only prima facie evidence. It was competent for the territory to show that the ownership of the brand had changed.

Proof of ownership by brands is not permitted unless the brands shall have been recorded, which was done in this case by Louis Huning for the firm of L. & H. Huning. Sec. 54, Comp. Laws.

The instruction of the court below as to what a "reasonable doubt" is, was a sufficient definition. State v. Reed, 62 Me. 142, 143.

McFIE, J.—The defendants were indicted at the September term, 1891, of the district court for Valencia county, charged with the larceny of a steer, property of one Louis Huning. Upon a trial had at the February term, 1892, a verdict of guilty was rendered as to both defendants. The defendants were sentenced to imprisonment in the territorial penitentiary for one year each, and have appealed to this court to secure a reversal of the judgment of the court below. The ownership of the property was alleged to be in one Louis Huning. On the trial the prosecution offered in evidence a record of the "Circle H" brand, which showed that L. & H. Huning owned the brand at the time it was recorded. Louis Huning was placed upon the stand, and permitted to testify, over the objection of defendant's counsel, that he was the owner of the "Circle H" brand at the time the larceny was alleged to have been committed. Upon the trial there was proof of the ownership of the animal, in addition to the brand, which appellants practically admit was sufficient to warrant a conviction by the trial jury, if believed by them. It was not error for the court to permit the witness Huning to testify that he was the present owner of the brand introduced in evidence. The brand was recorded as required by law, and, while it was prima facie evidence that L. & H. Huning were owners of the brand at the time of record, it was not conclusive evidence of ownership in them. A brand is personal property, and may be sold and transferred as other personal property; and the law does not prohibit proof of the true ownership of a recorded brand where the brand has been sold and become the property of another than the person in whose name it was

recorded. Section 54, Compiled Laws, provides that "no evidence of ownership by brand shall be permitted in any court of this territory unless the brand shall have been recorded as provided by this act." This section simply provides that, where a brand is relied upon to prove ownership, it is not proper evidence for that purpose unless it is recorded. Section 57 provides that, "when the title of any stock is involved, the brand on an animal shall be prima facie evidence of the ownership of the person whose brand it may be; provided, that such brand has been duly recorded as provided by law. Proof of the right of any person to use such brand shall be made by a copy of the record of the same, certified to by the county clerk of that county or any county in which the same is recorded, under the hand and seal of office of such clerk."

There was no objection to the introduction of the brand in evidence, as it had been recorded as required by law. The only objection was that the witness Huning could not testify that he was the owner of the brand at the time the offense was alleged to have been committed. Under section 57, above quoted, the brand is made "prima facie evidence of the ownership of the person whose brand it may be," not necessarily of the person in whose name it is recorded, but "whose brand it may be;" evidently contemplating the sale and transfer of the ownership of such brand after record. But, if the brand had been recorded, it is still prima facie evidence of ownership in the true owner at the time the cause of action arose in a civil case, or at the time the offense was committed in a criminal. The evidence of Huning was not subject to the objection that it was proving ownership of a brand by parol evidence. If oral evidence alone had been offered of the brand and its record, without producing the record of the brand, it

LARCENY: cattle brand: evidence of ownership.

would be subject to that objection, in a case where proof of ownership by brand alone was relied upon; but that was not done in this case. To have excluded this testimony would have been to prevent proof of the true ownership of the animal, and defeat the prosecution for the offense, for the reason that, in a case of a second prosecution alleging ownership in L. &. H. Huning, the defendants could defeat prosecution by placing Louis Huning on the stand, and proving by him that he was the real owner of the brand, and therefore of the animal. If such is the law, the owner of a purchased brand could be convicted of the larceny of his own animals bearing that brand. The brand law does not require that the ownership of an animal must be proved by the brand itself. Ownership may be proved by flesh marks, or any other proper evidence, in the same way as if no brand law was in existence. Proof by brand under our statute is only an additional method of proving ownership, and is especially applicable in the case of range animals. J. J. Wolf v. State, 4 Tex. App. 332; Fisher v. State, Id. 181; Hutto v. State, 7 Tex. App. 44. But this evidence was properly admitted, for the reason that it was competent evidence to aid the prosecution in proving the identity of the animal in question. Johnson v. State, 1 Tex. App. 332, 333; Poage v. State, 43 Tex. 454. It is not to be presumed that the brand was offered for the sole purpose of proving ownership, because upon the face of the record it appeared that the ownership was prima facie in L. & H. Huning, which did not tend to support the allegation of ownership in Louis Huning; but we so conclude from the further reason that evidence of ownership, regardless of the brand, was offered and admitted. Whether it was offered to prove ownership or not is immaterial; being competent evidence to aid the prosecution in establishing identity of the animal stolen, it was admissible.

Section 64 of the Compiled Laws, providing for giving and receiving bills of sale in case of animals, is not in point in this case. This is a criminal proceeding, and the enforcement of the criminal laws of the territory is not dependent upon the failure or refusal of an individual to give or receive a bill of sale. "Title and ownership," within the meaning of the brand law, was not necessarily involved in this case. Bishop says: "Where property belongs to a business firm, the ownership must be laid in all; and, if one of them has such a separate possession as to give him a special property by reason thereof, it will not be ill to lay the ownership in him alone." 2 Bish. Crim. Proc., sec. 723; Samora v. State, 4 Tex. App. 508; State v. Wilson, 6 Oregon, 428.

At the close of the case for the prosecution, appellant's counsel moved the court to direct the jury to find the defendants not guilty, on account of the variance between the allegations and the proof. The motion was based upon the fact that the record of the brand introduced in evidence showed upon its face that L. & H. Huning were the owners of the brand. This objection was not well taken, and the court properly refused to direct the jury to find the defendant's not guilty. If the law provided that the record of brands, when introduced, should be conclusive evidence of title, there would be force in the objection, but the law does not so provide. The brand would be but prima facie evidence, at best, and would not prevent the prosecution from introducing other evidence of the true ownership of the animal at the time the offense was committed, regardless of the brand. Such proof would not be varying the terms of a written instrument, under the circumstances of this case. There was proof outside of the brand, tending to show the title of the property to be in Louis Huning, that was proper to go to the jury,

and, therefore, the court properly refused to direct the jury to find for the defendants.

The refusal of the court to give the following instructions, asked for by the appellants, is urged as error: "First. In this case the title and ownership of the steer is alleged in the indictment to be in Louis Huning, and evidence tending to show the title and ownership of the steer, about which the witnesses have testified, is in the firm or copartnership of which Louis Huning is a member, would not be sufficient to warrant the conviction. Second. The court instructed the jury that the record of the brand of L. & H. Huning, offered in evidence in this case, taken in connection with the testimony of the witnesses that the steer alleged to have been stolen being branded with that brand, established prima facie that the steer alleged to have been stolen was the property of L. & H. Huning, and was not the property of Louis Huning, as charged in the indictment; and, unless the jury believed from the evidence that the prima facie case so made has been proved by other evidence in the case, they should find the defendants not guilty." The first of these instructions counsel for appellant did not insist upon in the argument, and we think it was properly refused, under the evidence in this case. But counsel insists that the court should have given the second instruction, and thereby informed the jury that the legal effect of the introduction of the brand in evidence was to establish a prima facie case of ownership in L. & H. Huning. We think this instruction was properly refused by the court. The instruction was calculated to impress upon the minds of the jurors the importance of this brand as a means of proving title, whereas the brand was evidently offered for the purpose of proving the identity of the animal in question. By specifically referring to the brand, this instruction was calculated to lead the jury into disregarding the evidence by brand for any

other purpose than proving the title, and was liable to mislead them under the evidence in this case. But whether these instructions were proper or not it is unnecessary for us to consider, for the reason that the court fully instructed the jury upon the law of the case, as presented by the evidence, and especially upon that part of the case to which the refused instructions apply; and in such case, although instructions may be correct, it is not error to refuse them.

The court gave the following instructions at the conclusion of its general charge: "There is an allegation in the indictment that the property alleged to have been stolen was the property of Louis Huning. If you should find that the evidence is not sufficient to satisfy you that this is the fact, you should find the defendants not guilty, the same as you would any other material allegation that is charged in the indictment which it is necessary for the territory to prove beyond a reasonable doubt." This instruction was sufficient to prevent the jury from believing that they could convict the defendant if they believed the evidence showed title to be in L. & H. Huning; and not in Louis Huning. It did not single out, as did the instruction asked for by defendants' counsel, the evidence relative to brands, and thereby attach undue importance to that portion of the testimony, nor was it proper to do so. The jury was plainly informed that they should not convict the defendants unless they believed from the evidence, beyond a reasonable doubt, that the title and ownership was in Louis Huning, as charged in the indictment, and this was sufficient. The court is not required to give instructions in the language of counsel as a special charge, if the court gives proper instructions upon the same subject in its own language.

It is objected that the court erred in its general charge upon the subject of reasonable doubt. The

instruction given is as follows:     "The presumption of
law is that the defendants are innocent,
**REASONABLE doubt: instructions.** and this presumption continues with them
until it is overcome by evidence, beyond a
reasonable doubt, that they are guilty as charged.   A
'reasonable doubt' is not a mere possibility of a doubt,
but it must be a reasonable doubt growing out of all
the evidence and circumstances in evidence in the
case."   Counsel say that this instruction is, in effect,
that a "reasonable doubt" is a "reasonable doubt."   It
is difficult to define a "reasonable doubt" in any plainer
terms than the words themselves import.   Such defini-
tions must result in simply stating the same proposi-
tion in a different form of words, and words which are
perhaps no more clearly understood.   This instruction
could not have prejudiced the defendants.   The jury
were plainly informed that they would not be warranted
in convicting the defendants if they had a reasonable
doubt of their guilt, after a full consideration of all the
evidence, and this is sufficient instruction upon that
point, without any attempt on the part of the court to
define what a "reasonable doubt" is.   To attempt to
define a "reasonable doubt" is very much like attempt-
ing to define a definition, and the better practice is not
to attempt to define a "reasonable doubt" beyond the
words themselves.   The judgment of the court below
will be affirmed.

O'BRIEN, C. J., and SEEDS, J., concur.   FREEMAN,
J., did not hear the arguments, and LEE, J., having
tried the case below, took no part in this case.