2002-NMSC-022

52 P.3d 942

**STATE of New Mexico,
Plaintiff Appellee,**

v.

**Ernest RICO, Defendant Appellant.**

**State of New Mexico, Plaintiff Appellee,**

v.

**Albert Shelby, Defendant Appellant.**

**Nos. 26,626, 27,050.**

Supreme Court of New Mexico.

July 17, 2002.

Phyllis H. Subin, Chief Public Defender, Cordelia A. Friedman, Assistant Appellate Defender, Santa Fe, NM, for Appellants.

Patricia A. Madrid, Attorney General, Max Shepherd, Assistant Attorney General, Santa Fe, NM, for Appellee.

Joseph Borack, Window Rock, AZ, for Amicus Curiae, the Navajo Nation.

## OPINION

MINZNER, Justice.

{1} Defendant Ernest Rico appeals from a judgment and sentence entered following a jury trial at which he was convicted of one count of serving alcohol in an unlicensed establishment, contrary to NMSA 1978, § 60–7A–22(B) (1998), and one count of allowing the premises to be used for commercial gambling, contrary to NMSA 1978, § 30–19–4(A) and (B) (1963). Defendant Albert Shelby appeals from a judgment and sentence entered following a jury trial at which he was convicted of one count of distribution of a methamphetamine, contrary to NMSA 1978, § 30–31–22(A)(2)(a) (1990). Each appeal involves the excusal of a prospective juror from the venire panel because the trial court concluded that the juror did not understand English sufficiently well to participate in the proceedings without the assistance of an interpreter. Both Defendants contend the excusals violated Article VII, Section 3 of the New Mexico Constitution, which provides in relevant part:

> The right of any citizen of the state to vote, hold office or sit upon juries, shall never be restricted, abridged or impaired on account of religion, race, language or color, or inability to speak, read or write the English or Spanish languages except as may be otherwise provided in this constitution. . . .

The State concedes reversible error and has chosen not to brief its position. On the record before us, Defendants' contentions are undisputed and indisputable. We hold that the trial court must make every reasonable effort to protect a juror's rights under Article VII, Section 3 of the New Mexico Constitution and to accommodate a juror's need for the assistance of an interpreter because he or she is not otherwise able to participate in court proceedings due to the "inability to speak, read or write the English or Spanish languages." We also hold that the efforts in these cases were not adequate to fulfill the duty imposed on the judicial branch of government by our state constitution. We therefore vacate and remand for a new trial in each case.

## I.

{2} In Defendant Rico's case, the District Court for Socorro County dismissed a prospective juror over the objections of both Defendant and the State, noting that the court did not have a Navajo interpreter on its staff and the nearest qualified interpreter was two and a half hours away. During voir dire the juror had indicated that he did not fully understand the prosecutor because the juror primarily spoke Navajo. He understood enough English to answer some questions asked by the prosecutor and defense counsel, but he agreed that an interpreter would help him understand the proceedings. In Defendant Shelby's case, the District Court for San Juan County informed the parties after voir dire that the Navajo interpreter scheduled for that day had not appeared and that he would have to excuse any Navajo-speaking panel members for that reason. Over Defendant's objection, he excused two jurors he assumed were Navajo-speaking. He was then informed that one of those two understood English; as a result, he put that juror "back in the mix."

{3} In both cases, the parties alerted the trial judge to the order of this Court entered in *State ex rel. Martinez v. Third Judicial District Court*, No. 26,109 (Jan. 26, 2000) (order denying petition for a writ of prohibition, or in the alternative a writ of superintending control). In that order, we upheld an order of the District Court for Doña Ana County that prohibited the excusal of any juror by court staff because that juror was unable to understand English sufficiently well to participate in court proceedings without the assistance of an interpreter. A copy of that order, attached as an appendix to *State v. Singleton*, 2001–NMCA–054, 130 N.M. 583, 28 P.3d 1124, is also attached as an appendix to this opinion. The district court order was directed at court personnel, not judges. In our order, however, we emphasized that the procedures adopted by the

district court were "not necessarily the only procedures that can safeguard the rights protected by Article VII, Section 3." Since the basis of our order was Article VII, Section 3, we see no reason why its principles should not apply equally to trial court judges as to court personnel, or should not protect speakers of the Navajo language.

{4} Both Defendants appealed their convictions to the Court of Appeals. The Court of Appeals filed an order certifying Defendant Rico's case to this Court on October 18, 2000, and an order certifying Defendant Shelby's case on July 19, 2001. In both orders, the Court of Appeals expressed the view that the cases presented an issue of substantial public interest. *See* NMSA 1978, § 34–5–14(C)(2) (1996). We accepted certification on that basis. We granted the State's motion to consolidate the two cases because they present a common issue.

## II.

{5} The text of Article VII, Section 3 of the New Mexico Constitution unambiguously protects each of the two jurors excused in these cases from being excused "except as otherwise provided in [the] constitution." Perhaps because the State concedes error, no one has addressed the exception found within the text of Article VII, Section 3 itself. Without intending to limit that exception, we note that it surely protects a defendant's rights to due process and particularly to a speedy trial and to a fair and impartial jury. We briefly discuss the trial court's constitutional duty under Article VII, Section 3 in the context of those rights. *See State v. Foster,* 1999–NMSC–007, ¶ 25, 126 N.M. 646, 974 P.2d 140 (noting that we are not bound by the State's concession on appeal). We first address Defendants' rights to assert the jurors' rights under Article VII, Section 3.

## A.

{6} Although individual jurors' rights under Article VII, Section 3 were violated, such a violation would not require a new trial unless we determine that Defendants have standing to assert the jurors' rights. The Court of Appeals has specifically addressed the question of standing in this situation. In *Singleton,* the Court of Appeals held that a defendant has standing to protect the Article

VII, Section 3 rights of an excluded juror. 2001–NMCA–054, ¶ 9, 130 N.M. 583, 28 P.3d 1124. This result is correct. The individual motives of the parties to the underlying action will work in many cases, as they have here, to vindicate the right and facilitate the obligation of jurors to serve. *Cf. Gunaji v. Macias,* 2001–NMSC–028, ¶ 20, 130 N.M. 734, 31 P.3d 1008 (finding that candidates had standing to assert the constitutional rights of voters in an election contest).

{7} Article VII, Section 3 envisions a judicial system in which all citizens are able to fulfill their civic duties. We think it is significant that Section 3 is included in Article VII, which is entitled "Elective Franchise." The first two sections of Article VII set forth the qualifications for voting and holding office, and the next two sections protect against the loss of the right to vote and hold office for various reasons. Section 3 equates jury service with the right to vote and to hold office and protects against the loss of those rights because of an "inability to speak, read or write the English or Spanish languages." It is an unusual constitutional provision and, as these cases illustrate, it will not always be convenient to implement. The judicial branch of government will need the resources to make full implementation a reality. In these cases, however, it appears implementation was feasible.

{8} In *Singleton,* the defendant challenged his conviction in part on the basis that the exclusion of a non-English speaking juror violated Article VII, Section 3. The Court of Appeals recognized the constitutional right of that juror to serve on juries in New Mexico, but also recognized that this right, like all constitutional rights, can be waived. *Singleton,* 2001–NMCA–054, ¶¶ 12–16, 130 N.M. 583, 28 P.3d 1124. Significantly, the Court of Appeals held that the right had been waived not by the excluded juror, but rather by the defendant who sought on appeal to assert that juror's rights under Article VII, Section 3. We agree, and note that a criminal defendant who does not object to an exclusion of a juror in violation of Article VII, Section 3 has waived his or her ability to do so on appeal. There was, however, no such waiver in either of these cases.

{9} *Singleton* should not be read to suggest that a party can waive the juror's right

not to be excused under Article VII, Section 3. Rather, the defendant only waives the right to object to the exclusion of the juror as a basis for a new trial. Still, there might be times where permitting the defendant to waive this right would preclude review of a trial court's denial of a juror's right to serve.

### B.

{10} The rights protected by Article VII, Section 3, like most constitutionally protected rights, are not absolute. There are circumstances in which a prospective juror's right to serve on a jury must be balanced against practical considerations and a defendant's right to a speedy trial, guaranteed by the Sixth Amendment to the United States Constitution and by Article II, Section 14 of the New Mexico Constitution. We believe that the trial court judge is in a position to balance the various rights at issue as well as the various practical barriers to faithful compliance with and enforcement of Article VII, Section 3. Interpreters can be difficult to secure, particularly in those cases where there is no way of knowing that an interpreter is necessary until after the process of jury selection has begun. Funding is also an issue, because the source of funding is general fund appropriation, authorized annually in anticipation of projected needs, rather than after-the-fact reimbursement. *See generally* NMSA 1978, § 34-9-11 (1994) (creating and describing the administration of a jury and witness fee fund which can be used to pay court interpreters). As a practical matter, the need for an interpreter in a particular case may depend on the trial court judge's perception of a language difficulty a prospective juror is unable or unwilling to express. There are undoubtedly other practical difficulties.

{11} In our judgment, however, these considerations neither dilute the protection provided in Article VII, Section 3, nor permit excusal without a reasoned explanation on the record. Consequently, we hold that Article VII, Section 3 requires that a trial court make every reasonable effort to accommodate a potential juror for whom language difficulties present a barrier to participation in court proceedings. Although the state constitution speaks of an inability "to speak, read or write the English or Spanish languages," we construe the provision to require reasonable accommodation for a language barrier posed by competency only in a language other than English. We think the text of the provision and the context of Article VII, Section 3 justify such a construction.

{12} What constitutes sufficiently reasonable efforts will depend on the circumstances in which the problem arises. Whether a reviewing court will find a trial court's efforts in this regard reasonable will depend on several factors, including, but not limited to, the steps actually taken to protect the juror's rights, the rarity of the juror's native language and the difficulty that rarity has created in finding an interpreter, the stage of the jury selection process at which it was discovered that an interpreter will be required, and the burden a continuance would have imposed on the court, the remainder of the jury panel, and the parties. It must be emphasized, however, that inconvenience alone will not suffice; a trial court shall not excuse a juror on the basis of an "inability to speak, read or write the English or Spanish languages" absent a showing that accommodating that juror will create a substantial burden or otherwise fall within the exception provided within Article VII, Section 3 itself.

{13} The juror excused in Defendant Rico's trial was excused after the trial court determined that a Navajo interpreter could not be obtained on the day of the trial. The court declined to continue the case until arrangements could be made. The juror excused in Defendant Shelby's case was excused after the Navajo interpreter scheduled to be in court that day failed to appear. The record indicates that the trial court intended to dismiss all Navajo-speaking jurors rather than determine which if any actually needed an interpreter. There is no indication that the trial court attempted to determine whether the interpreter could be reached or another interpreter found.

{14} We note, as has Amicus in this case, that Arizona and New Mexico jointly fund a program for training court interpreters to assist Navajo-speaking litigants, and several of these Navajo interpreters are available to New Mexico courts. Court interpreters in New Mexico are paid, at least in part, from the jury and witness fee fund created by

Section 34–9–11. Although the Court Interpreters Act, NMSA 1978, §§ 38–10–1 to –8 (1985), only requires interpreters for witnesses or a "principal party in interest," defined as "a person in a judicial proceeding who is a named party or who will or may be bound by the decision or action or foreclosed from pursuing his rights by the decision or action which may be taken in the proceeding," Section 38–10–2(D), the Act creates a training and certification process for court interpreters. *See* § 38–10–5. As Amicus also notes in its brief, there were twenty-eight certified Navajo interpreters in New Mexico at the time of these cases. That number has since increased to fifty-five. *See* New Mexico Administrative Office of the Courts, Court Interpreter Directory (July 2002), *at http://www.nmcourts.com/court-interp/court-interpreter-directory.pdf.* While many of these interpreters are only available in limited geographical areas, there is no indication that an interpreter was not available within a reasonable time to assist in these two cases.

{15} In many cases, making every reasonable effort required by our constitution to accommodate a juror will require a continuance. Determining the appropriate length of such a continuance is difficult, and will depend on the totality of the circumstances surrounding the trial. When, however, the language for which an interpreter is needed is one commonly spoken in the jurisdiction, particularly when it is one in which interpreters are specially trained, and no interpreter is available on the first scheduled day of the trial, the trial should be continued for a reasonable time in order to secure an interpreter.

■ {16} We are not unmindful of the inconvenience a continuance can visit upon an already crowded criminal docket. This inconvenience is not sufficient, however, to justify excusal of jurors contrary to Article VII, Section 3 of the New Mexico Constitution. A trial court, once aware that a member of a given venire has difficulty with either English or Spanish or both, should first take steps to determine whether the difficulty will prevent the juror from following the proceedings. Then, the trial court must take steps to ensure the availability of a suitable interpreter, if an interpreter is needed. If an interpreter is needed and not available, the court is under a constitutional obligation to continue the trial for a reasonable time if the continuance will be effective in securing an interpreter.

{17} We recognize that the reasonableness of a trial court's actions will be difficult to measure in some circumstances. We also recognize the burden that is placed on trial courts, especially those in more rural areas of the state where interpreters may be more difficult to locate. This burden, however, is constitutional in origin and must be evaluated in that light.

### III.

{18} For the reasons stated above, we hold that each Defendant is entitled to a new trial because every reasonable effort to accommodate the prospective jurors' language difficulties, consistent with the provisions of Article VII, Section 3, was not made. We therefore vacate the judgment and sentences from which Defendants have appealed and remand for further proceedings consistent with this opinion.

{19} **IT IS SO ORDERED**.

WE CONCUR: PATRICIO M. SERNA, Chief Justice, JOSEPH F. BACA, GENE E. FRANCHINI and PETRA JIMENEZ MAES, Justices.

### APPENDIX

January 26, 2000

No. 26,109

STATE OF NEW MEXICO, ex rel., SUSANA MARTINEZ, District Attorney, Petitioner,

vs.

THIRD JUDICIAL DISTRICT COURT, DONA ANA COUNTY, HON. JERALD A. VALENTINE, Presiding Judge, et al., Respondents,

and

JESUS GONZALES, Real Party in Interest.

### ORDER

WHEREAS, this matter came on for consideration by the Court upon petition for writ

of prohibition, or in the alternative, a writ of superintending control, response thereto, and oral argument by the parties, Susan Riedel on behalf of petitioner, Melissa Reeves on behalf of respondents, and Herman Chico Gallegos on behalf of the real party in interest, and the Court having considered said pleadings and oral argument and being sufficiently advised, Chief Justice Pamela B. Minzner, Justice Joseph F. Baca, Justice Gene E. Franchini, Justice Patricio M. Serna, and Justice Petra Jimenez Maes concurring;

NOW, THEREFORE, IT IS ORDERED that the petition for a writ of prohibition, or in the alternative a writ of superintending control, hereby is DENIED for the reasons that follow. IT IS FURTHER ORDERED that the order of stay issued by this Court on December 20, 1999, hereby is LIFTED.

Article VII, Section 3 of the New Mexico Constitution states that "[t]he right of any citizen of the state to vote, hold office or sit upon juries, shall never be restricted, abridged or impaired on account of religion, race, language or color, or inability to speak, read or write the English or Spanish languages." The broad language of this provision explicitly prohibits the automatic dismissal of an otherwise qualified person based solely on their inability to speak, read or write the English or Spanish languages.

The Third Judicial District's order of November 2, 1999, is consistent with the explicit prohibition as stated in Article VII, Section 3 of the New Mexico Constitution. The order states:

2. Prospective jurors who express at any time to a member of the jury division or a deputy clerk of the Third Judicial District Court that they are unable to speak, read or write the English language, or that they are unwilling to participate as jurors on the basis of language, shall not be excused from service by any member of the jury division or by any deputy clerk on such basis. Rather, the jurors shall be instructed that their attendance ac the scheduled orientation and qualification is mandatory.

This provision provides no basis for granting a writ of prohibition or superintending control.

The order further outlines a procedure for enabling citizens to exercise their rights.

3. Prospective jurors shall be informed that an interpreter will be provided to them free of charge throughout their participation as jurors, including orientation, qualification and trial.

4. Interpreters shall be provided to non-English speaking prospective jurors and jurors at every stage of the jury process including orientation, qualification and trial.

Both of these provisions protect the rights of the person called to serve as a juror.

Although the order issued by the Third Judicial District Court does not provide a basis for granting a writ of prohibition or a writ of superintending control, we emphasize that the procedures adopted in the Third Judicial District are not necessarily the only procedures that can safeguard the rights protected by Article VII, Section 3. Accordingly, this order is not intended to preclude other district courts or the Administrative Office of the Courts from exploring other procedures.

Petitioner also contends that provisions three and four of the order allow an unauthorized presence in the jury room, and as previously stated, the order is directed at the juror's right as a citizen to serve on a jury. Noting this, we believe that the use of court interpreters during jury deliberations does not constitute an unauthorized presence in the jury room. The interpreter's role is bound by ethical constraints, court rules and orders, and court instructions. To the extent that these safeguards may be breached in an individual case, the normal appellate process for correcting other trial errors will provide the most effective remedy.

The order issued by the Third Judicial District is consistent with Article VII, Section 3 of the New Mexico Constitution and existing New Mexico case law. It offers no basis for granting a writ of prohibition or for this Court to exercise superintending control to prohibit the Third Judicial District from providing a procedure for allowing non-En-

glish speaking prospective jurors to exercise their constitutional rights as citizens to serve as jurors. Therefore we deny the petition for a writ of prohibition, or in the alternative, a writ of superintending control.

IT IS SO ORDERED.