This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

# IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**STATE OF NEW MEXICO,**

Plaintiff-Appellee,

v.                                                    **No. 32,974**

**HOMER ASHLEY,**

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF CURRY COUNTY**
**Stephen K. Quinn, District Judge**

Hector H. Balderas, Attorney General
Paula E. Ganz, Assistant Attorney General
Santa Fe, NM

for Appellee

Jorge A. Alvarado, Chief Public Defender
Allison H. Jaramillo, Assistant Appellate Defender
Santa Fe, NM

for Appellant

## MEMORANDUM OPINION

**ZAMORA, Judge.**

{1}     Homer Ashley (Defendant) appeals his convictions for one count of aggravated driving while under the influence of intoxicating liquor (DWI) and two counts of failure to obey traffic control devices. On appeal, Defendant argues that his right to a fair and impartial jury as well as his right to due process were violated when the district court denied his motion for a continuance, thereby requiring him to select a jury from an improperly empaneled jury pool. Defendant further argues that the district court erred in the denial of his motion for recusal and motion for a mistrial, after a series of compounding errors related to the randomization of the jury panels violated his right to a fair trial and due process. Finally, Defendant argues that the district court erred in denying his motion for a mistrial based on prejudicial comments made during voir dire. We affirm.

**BACKGROUND**

{2}     Defendant was arrested in Curry County and charged with aggravated DWI, failure to obey traffic devices, and other misdemeanor traffic offenses. Defendant's trial was set for November 9, 2012, in the district court. As of October 2012, the Curry County jury pool was subdivided into five jury panels. In an effort to minimize the cost of court interpreters, the court clerk assigned all potential jurors that spoke only Spanish and needed an interpreter for one jury panel, instead of randomly distributing them among the five jury panels.

{3} When Defendant learned that this had occurred, he moved to continue his trial until there was a new panel from which a jury could be selected. The district court heard arguments on the motion on October 25, 2012. At that hearing, court personnel testified that an attempt had been made to re-randomize the panels and that the Spanish-only speakers had been re-distributed among the five jury panels. Three of the five panels each included one Spanish-only speaker, and the other two panels each included two Spanish-only speakers.

{4} Defendant argued that despite the re-distribution, there was still an issue with the randomization of the jury panels and again requested that his trial be continued until there was a new jury panel. The State argued that the jurors had been empaneled substantially in accordance with the law, but stated that it would not oppose a continuance because there were not enough interpreters available for jury selection, which was set for the following day. The district court denied Defendant's motion to continue the trial; however, the court did continue jury selection, setting it for November 9, 2012, the day of the trial.

{5} Prior to jury selection on November 9, 2012, defense counsel was again permitted to question the court clerk regarding the process by which potential jurors were assigned to the jury panels from which Defendant's jury would be selected. The clerk explained that in late October, district court judges, court personnel, and the

3

district attorney discussed the jury panel issue further, and the decision was made to completely re-randomize the five jury panels. The clerk stated that she did not know whether members of the defense bar were invited to participate in that discussion.

{6}     According to the clerk, she and another court employee manually re-randomized the jury panels by re-combining all the names in the jury pool, shuffling or mixing them up, then randomly drawing names and assigning potential jurors to one of five new jury panels. She explained that the names of all the prospective jurors in the jury pool were combined, shuffled, randomly selected, and assigned to one of five new jury panels. Defense counsel stated that before moving on to jury selection, he wished to state his continued objection with regard to the re-randomization of the jury panels.

{7}     During voir dire, one of the prospective jurors stated that she recognized Defendant because he would pass by her house almost every day and ask for money. This prospective juror stated that her prior interaction with Defendant would cause her to be biased if chosen as a juror. She was stricken for cause and did not sit on Defendant's jury. The defense was concerned about the potential effect of the juror's comments on the jury panel. Defense counsel requested the opportunity to question two of the panel members regarding the comments during individual voir dire, rather than addressing the comments with the entire jury panel. The district court stated that

it would permit defense counsel to question any of the panel members regarding potential bias related to the comments. However, defense counsel identified just two panel members for questioning on the issue. Both panel members that were questioned stated that if selected as jurors they would not be biased by the comments.

{8}     Nonetheless, Defendant moved for a mistrial based on the prospective juror's comments, arguing that the juror's statement—that Defendant regularly asked for money—would lead the other panel members to infer that Defendant was asking for money to buy alcohol, which would be prejudicial, given the nature of Defendant's DWI charges. The motion was denied.

{9}     After jury selection and prior to trial, the defense renewed its objection regarding the re-randomization of the jury panels. Specifically, the defense argued that the decision to re-randomize the jury panels should not have been reached without members of the defense bar present. The district court explained that the decision to completely re-randomize the jury panels was reached after two *separate* discussions concerning the issue. The first discussion involved the district court judge in his chambers after a hearing on another case, a couple of defense attorneys, and possibly one prosecutor. Later the same day, the judge listened in on the second discussion that involved three other district court judges, the court administrator, and the district attorney. The decision to re-randomize the jury panels was a result of both

5

discussions. The district court judge also stated that he did not know how the later meeting was organized or whether members of the defense bar were notified. The defense moved for a mistrial and requested that the district court judge recuse himself, arguing that the judge, by virtue of his attendance in the later meeting, had engaged in ex parte communications. The motion was denied.

{10} Defendant was convicted of aggravated DWI and two counts of failure to obey traffic control devices. This appeal followed.

**DISCUSSION**

{11} Defendant raises two main issues that he was denied a fair and impartial jury and that the district court erred by engaging in ex parte communications stemming from the re-randomization of the jury pool. We first consider Defendant's claim that he was denied a fair and impartial jury.

**Fair and Impartial Jury**

{12} Defendant contends that the district court erred in denying his motion for a continuance so that he could select a jury from a properly empaneled jury pool. Defendant correctly states that the grant or denial of a continuance is reviewed for an abuse of discretion. *State v. Salazar*, 2007-NMSC-004, ¶ 10, 141 N.M. 148, 152 P.3d 135. However, the State construes Defendant's motion as a motion to strike the jury pool, which is reviewed de novo. *See State v. Casillas*, 2009-NMCA-034, ¶ 9, 145

N.M. 783, 205 P.3d 830 (stating that a motion to strike the jury pool presents a mixed question of law and fact and is reviewed de novo). Under either standard, Defendant's claim fails.

{13} Defendant cites *State v. Samora*, 2013-NMSC-038, ¶¶ 6, 18, 307 P.3d 328, and *State v. Rico*, 2002-NMSC-022, ¶ 5, 132 N.M. 570, 52 P.3d 942, in support of his argument that he was deprived of a fair and impartial jury. However, Defendant makes no attempt to demonstrate how these cases apply to the circumstances of this case. In *Samora* and *Rico*, our Supreme Court held that the trial courts must "make every reasonable effort to accommodate a potential juror for whom language difficulties present a barrier to participation in court proceedings" and are constitutionally prohibited from excusing potential jurors based on the unavailability of court interpreters. *Samora*, 2013-NMSC-038, ¶ 8 (emphasis, internal quotation marks, and citation omitted); *see Rico*, 2002-NMSC-022, ¶¶ 5-6, 11. Here, Defendant's claim is based on his objection to the procedure by which potential jurors were assigned to the jury panel from which he selected a trial jury, namely that an entirely new jury pool should have been convened. Defendant concedes that the jury pool was re-randomized, but argues that this action interfered with the "composition of the venire and resulted in a violation of [his] right to due process." Defendant does not assert,

7

and the record does not indicate, that any jurors were prevented from serving or were denied access to an interpreter.

**{14}** Defendant also cites *State v. Aragon*, 1989-NMSC-077, ¶ 22, 109 N.M. 197, 784 P.2d 16, and *State v. Gonzales*, 1991-NMCA-007, ¶ 28, 111 N.M. 590, 808 P.2d 40, in support of his claims. In *Aragon*, our Supreme Court explained that the right to be tried by a fair and impartial jury entitles a defendant to be tried by a jury that represents a fair cross section of the community and held peremptory strikes could not be used to systematically exclude prospective jurors based on race. 1989-NMSC-077, ¶¶ 8, 22-25. Similarly in *Gonzales*, this Court held that peremptory strikes could not be used to exclude prospective jurors on the basis of gender. 1991-NMCA-007, ¶ 34. Here, Defendant does not challenge the composition of the re-randomized jury panel from which his jury was selected or the composition of the jury that was empaneled for his trial. As we previously stated, the record nowhere indicates that any potential jurors in this case were prevented from serving as jurors or were improperly excluded.

**{15}** Additionally, Defendant cites Article II, Section 14 and Article VII, Section 3 of the New Mexico Constitution for purposes of constitutional violations absent any analysis. The State argues that Defendant failed to preserve this issue. We need not address the preservation issue as Defendant has failed to articulate an argument or provide authority for any such constitutional violations. *In re Adoption of Doe*, 1984-

8

NMSC-024, ¶ 2, 100 N.M. 764, 676 P.2d 1329 ("[T]o present an issue on appeal for review, an appellant must submit argument and authority as required by rule." (emphasis omitted)). "We will not review unclear arguments, or guess at what [a party's] arguments might be." *Headley v. Morgan Mgmt. Corp.*, 2005-NMCA-045, ¶ 15, 137 N.M. 339, 110 P.3d 1076. For this Court to rule on the inadequately briefed constitutional issue would essentially require it to do the work on behalf of Defendant. *See State v. Clifford*, 1994-NMSC-048, ¶ 19, 117 N.M. 508, 873 P.2d 254 (reminding counsel that the appellate courts are not required to do their research).

{16}     Finally, Defendant cites NMSA 1978, Section 38-5-11(A) (2005), which provides that "[t]he court shall empanel jurors in a random manner[,]" NMSA 1978, Section 38-5-5(B) (1997), which defines "jury tampering" as "the selection or drawing of jurors other than in accordance with law[,]" and NMSA 1978, Section 38-5-16 (1969), which provides that a defendant "may challenge the jury panel on the ground that the members thereof were not selected substantially in accordance with law[, and i]f the motion is sustained, then the trial will be stayed until a jury panel has been selected and qualified in accordance with law." While Defendant argues that it would have been better for the court to simply grant his motion to continue, rather than proceed with the re-randomized jury panels, he stops short of arguing that the re-randomization of the jury panels was not done in accordance with the law.

9

**{17}** Thus, Defendant's cited authority and the record before us provide no basis to conclude that Defendant was deprived of his right to a fair and impartial jury or that the denial of his motion for continuance violated his due process rights. *See Elane Photography, LLC v. Willock*, 2013-NMSC-040, ¶ 70, 309 P.3d 53 (recognizing that the appellate courts "will not review unclear arguments, or guess at what a party's arguments might be" (alteration, internal quotation marks, and citation omitted)).

**Fair and Impartial Proceedings**

**{18}** Defendant argues that he was deprived of his right to a fair and impartial proceeding when the district court judge failed to recuse himself after discussing the re-randomization of the jury panels with other district court judges and the district attorney. We disagree.

**{19}** "[R]ecusal rests within the discretion of the trial judge, and will only be reversed upon a showing of an abuse of that discretion." *State v. Riordan*, 2009-NMSC-022, ¶ 6, 146 N.M. 281, 209 P.3d 773. "An abuse of discretion occurs when the ruling is clearly against the logic and effect of the facts and circumstances of the case. [An appellate court] cannot say the trial court abused its discretion by its ruling unless it can characterize [the ruling] as clearly untenable or not justified by reason." *State v. Rojo*, 1999-NMSC-001, ¶ 41, 126 N.M. 438, 971 P.2d 829 (internal quotation marks and citation omitted).

10

{20} Rule 21-209(A) NMRA prohibits a judge from initiating, permitting, or considering ex parte communications. "A judge shall perform the duties of judicial office, including administrative duties, without bias or prejudice." Rule 21-203(A) NMRA. A judge shall recuse "in any proceeding in which the judge's impartiality might reasonably be questioned." Rule 21-211(A) NMRA. "Recusal is only required when a judge has become so embroiled in the controversy that he or she cannot fairly and objectively hear the case." *State v. Trujillo*, 2009-NMCA-128, ¶ 11, 147 N.M. 334, 222 P.3d 1040 (alterations, internal quotation marks, and citation omitted). "In order to require recusal, bias must be of a personal nature against the party seeking recusal" and a claim of judicial bias "cannot be based on mere speculation." *Id.* (internal quotation marks and citation omitted).

{21} Defendant argues that by attending a meeting where the district attorney was present and members of the defense bar were not, the district court judge engaged in "ex parte communications" and that failing to subsequently recuse himself was an abuse of discretion. This argument is based on the faulty premise that the district court judge's participation in the discussion constituted an ex parte communication. An ex parte communication, by definition, is "[a] communication between counsel and the court when opposing counsel is not present." *Black's Law Dictionary* 337 (10th ed. 2014). The record indicates neither of the parties or counsel in this case were present

during the discussion of the administrative issue concerning the composition and re-randomizing of the five jury panels. The record also indicates that the discussions did not involve substantive matters with regard to any particular case, much less Defendant's case. The parties in this case were also informed by the district court judge of the re-randomizing of the entire jury pool. *See* Rule 21-209(A)(1) (explaining that "[w]hen circumstances require it, ex parte communication for . . . administrative . . . purposes, which does not address substantive matters, is permitted, provided[] . . . no party will gain a procedural, substantive, or tactical advantage," and all the parties are promptly notified and given an opportunity to respond).

{22} Based on these facts, we conclude that Defendant has not demonstrated bias of a personal nature by the district court judge against Defendant in this case, nor has Defendant shown anything that indicates an appearance of impropriety. *See Trujillo*, 2009-NMCA-128, ¶ 12. We conclude that the district court judge did not err in denying Defendant's motion to recuse.

**Cumulative Error**

{23} Defendant claims that by the district court denying his motion for mistrial, after a series of compounding errors, the cumulative effect of those errors deprived him of his rights to due process and a fair trial. This argument is not persuasive.

{24} The doctrine of cumulative error "requires reversal of a defendant's conviction when the cumulative impact of errors which occurred at trial was so prejudicial that the defendant was deprived of a fair trial." *State v. Woodward*, 1995-NMSC-074, ¶ 59, 121 N.M. 1, 908 P.2d 231 (internal quotation marks and citation omitted), *abrogated on other grounds as recognized by State v. Granillo-Macias*, 2008-NMCA-021, 143 N.M. 455, 176 P.3d 1187. This "doctrine is to be strictly applied." *State v. Roybal*, 2002-NMSC-027, ¶ 33, 132 N.M. 657, 54 P.3d 61. It does not apply where, as in the present case, Defendant has not demonstrated that error has occurred or where "the record as a whole demonstrates that the defendant received a fair trial." *State v. Guerra*, 2012-NMSC-014, ¶ 47, 278 P.3d 1031 (internal quotation marks and citation omitted). "Cumulative error has no application if the district court committed no errors and if the defendant received a fair trial." *Id.* The district court did not err in denying Defendant's multiple motions, therefore, there is no cumulative error.

**Juror Bias**

{25} Pursuant to *State v. Franklin*, 1967-NMSC-151, ¶ 9, 78 N.M. 127, 428 P.2d 982, and *State v. Boyer*, 1985-NMCA-029, ¶¶ 17-24, 103 N.M. 655, 712 P.2d 1, Defendant argues that the district court erred in denying his motion for a mistrial after a member of the jury panel, when responding to a question during voir dire, stated that she had seen Defendant begging for money. Defense counsel explained that this

response was prejudicial in that the other panel members would think that Defendant was begging for money for alcohol, and that this could relate to his being on trial for a DWI.

**{26}** We review a district court's decision to grant or refuse a mistrial for an abuse of discretion. *State v. Torres*, 2012-NMSC-016, ¶ 7, 279 P.3d 740. "The trial court abuses its discretion in ruling on a motion for mistrial if in doing so it acted in an obviously erroneous, arbitrary, or unwarranted manner." *Id.* (internal quotation marks and citation omitted).

**{27}** Defendant contends that the jury panel member's comments during voir dire, concerning her prior contact with Defendant, were heard by other prospective jury members and conveyed a prejudicial impression of Defendant, which deprived him of a fair trial. Where a jury panel member presents information that is extraneous to the trial during voir dire and there is a reasonable possibility the information prejudiced the defendant, the district court should grant a new trial. *State v. Sacoman*, 1988-NMSC-077, ¶ 17, 107 N.M. 588, 762 P.2d 250. The introduction of extraneous information "creates a presumption of prejudice that may be rebutted by showing that no prejudice actually occurred." *Id.* "Whether the presumption of prejudice has been overcome rests in the sound discretion of the trial court." *Id.* ¶ 18 (internal quotation marks and citation omitted).

{28}     Here, the district court allowed defense counsel to question prospective jurors about their ability to remain unbiased after hearing the comment about Defendant asking for money; however, defense counsel only identified two panel members for questioning. Both stated that the comment had not resulted in bias against Defendant. Defendant's decision to limit his opportunity to question the entire jury panel to only two prospective jurors is essentially a waiver of his argument on appeal. *See, e.g.*, *State v. Gardner*, 1985-NMCA-084, ¶ 14, 103 N.M. 320, 706 P.2d 862 (noting that to the extent there is a right to confront jury panel members, failure to question the prospective juror acts as a waiver).

{29}     When the jury panel member that made the comment was individually questioned, she expanded on her original response that Defendant had asked for $50 to bail his son out of jail. She was not selected to sit on Defendant's jury. It was defense counsel who inflated the implication of the prospective juror's response thereby falsely injecting any alleged prejudice by stating that the jury would think that Defendant was begging for money for alcohol. There was nothing in the record to support defense counsel's theory that any prejudice actually occurred. There was nothing in the record to indicate that the jurors who were selected were influenced by the comment, exposed to highly prejudicial extraneous information, or failed to be

15

impartial in reaching their verdict. Accordingly, we cannot say that the district court abused its discretion in denying Defendant's motion for a mistrial.

**CONCLUSION**

{30}     For the foregoing reasons, we affirm.

{31}     **IT IS SO ORDERED.**


_____
**M. MONICA ZAMORA, Judge**

**WE CONCUR:**


_____
**JONATHAN B. SUTIN, Judge**


_____
**LINDA M. VANZI, Judge**