This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**JAMES D. ROBERTS and**
**LINDA ROBERTS,**

    Plaintiffs/Counterdefendants-Appellees,

v.                                     **NO. A-1-CA-35232**

**CAROLINE GEORGE,**

    Defendant/Counterplaintiff/Third-Party Plaintiff-Appellant,

v.

**SIERRA COUNTY TITLE COMPANY,**
**JOSH ASHBAUGH, COLLEEN GREER,**
**and RANDY ASHBAUGH,**

    Third-Party Defendants-Appellees.

**APPEAL FROM THE DISTRICT COURT OF SIERRA COUNTY**
**Mercedes C. Murphy, District Judge**

Miller Stratvert P.A.
Cody R. Rogers
Holly Agajanian
Las Cruces, NM

for Appellees

Caroline George
Phoenix, AZ

Pro Se Appellant

**MEMORANDUM OPINION**

**VANZI, Chief Judge.**

**{1}** After a bench trial, the district court entered judgment in favor of Plaintiffs, James and Linda Roberts, and against Defendant, Caroline George, on Plaintiffs' breach of contract claim. The court dismissed Defendant's counterclaims and cross-claims against third-party defendants prior to the end of trial as a sanction for ongoing discovery abuses by Defendant. Although she is a former attorney, Defendant, who is proceeding pro se in this case, has presented many arguments on appeal that are difficult, if not impossible, to understand. This Court will review pro se arguments to the best of its ability but cannot respond to unintelligible arguments. *See Clayton v. Trotter*, 1990-NMCA-078, ¶ 12, 110 N.M. 369, 796 P.2d 262 (noting that "a pro se litigant is bound by all of the rules applicable to litigants represented by attorneys"). Of greater consequence, and far more troublesome, is the fact that Defendant repeatedly misrepresents facts of the district court proceedings in her briefing on appeal.

**{2}** As best as this Court can determine, Defendant argues the district court (1) erroneously excluded her handwriting expert while admitting improper lay testimony

on the subject, (2) erroneously dismissed her counterclaims as a sanction for discovery violations, and (3) displayed bias against her by failing to recuse. Defendant also argues an assortment of other unpreserved issues. We affirm.

**{3}** Because this is a memorandum opinion and the parties are familiar with the facts and procedural history of the case, it is unnecessary for us to repeat them here, except as required for our analysis.

## DISCUSSION

### Standard of Review

**{4}** For the most part, we review the issues raised by Defendant under an abuse of discretion standard. The district court's decision whether to admit expert testimony under the *Daubert-Alberico* factors is reviewed for abuse of discretion. *State v. Tollardo*, 2003-NMCA-122, ¶ 16, 134 N.M. 430, 77 P.3d 1023. Whether those factors apply to proposed testimony, however, is a question of law that we review de novo. *Id.* ¶ 9. We review challenges to a district court's evidentiary ruling only to ensure that the district court did not abuse its discretion. *Hansen v. Skate Ranch, Inc.*, 1982-NMCA-026, ¶ 22, 97 N.M. 486, 641 P.2d 517 ("It is [a] well known rule in the State of New Mexico that the admissibility of lay opinion testimony is within the discretion of the trial court and an appellate court will not overturn the decision of the trial court absent an abuse of any discretion."). We also review the imposition of sanctions for abuse of discretion. *Enriquez v. Cochran*, 1998-NMCA-157, ¶ 20, 126 N.M. 196, 967

P.2d 1136. Finally, we review the denial of a motion to recuse under the same standard. *State v. Trujillo*, 2009-NMCA-128, ¶ 9, 147 N.M. 334, 222 P.3d 1040. "An abuse of discretion occurs when a ruling is clearly contrary to the logical conclusions demanded by the facts and circumstances of the case." *Sims v. Sims*, 1996-NMSC-078, ¶ 65, 122 N.M. 618, 930 P.2d 153.

**Defendant's Briefing Misrepresented the Facts Below**

{5}     Our Supreme Court has long held that pro se litigants are held to the same standard of conduct and compliance as attorneys. *Newsome v. Farer*, 1985-NMSC-096, ¶ 18, 103 N.M. 415, 708 P.2d 327. Rule 16-303 NMRA of the Rules of Professional Conduct requires members of the bar to maintain candor toward the tribunal. Rule 16-303(A)(1) ("A lawyer shall not knowingly . . . make a false statement of fact or law to a tribunal or fail to correct a false statement of material fact or law previously made to the tribunal by the lawyer[.]").

{6}     Defendant's myriad of false statements to this Court regarding the proceedings below not only waste limited judicial resources but repeatedly violate the rules imposed on both members of the bar and pro se parties. As Defendant's arguments in her briefing were based nearly entirely on misrepresentations of the record and are manifestly without merit in violation of the Rules of Appellate Procedure, we dispose of those arguments as briefly as possible. *See* Rule 12-405(B)(5) NMRA.

**Defendant's Proposed Handwriting Expert**

4

{7}    Defendant attempted to introduce a handwriting expert at trial in an effort to mount a forgery defense against Plaintiff's claims that Defendant breached a real estate contract. Defendant first argues that the district court erroneously applied the *Daubert-Alberico* standard for scientific evidence to her proposed handwriting expert. *See Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579 (1993); *State v. Alberico*, 1993-NMSC-047, 116 N.M. 156, 861 P.2d 192. However, she makes no legal argument and cites no authority in support of this position. While we stated in *Quintana v. Acosta*, 2014-NMCA-015, ¶ 14, 316 P.3d 912 that the *Daubert-Alberico* factors apply only when the district court is evaluating the admissibility of scientific evidence, Defendant fails to refer us to *Quintana* or argue its applicability to the issue Defendant now raises. We therefore do not review it.

> We have long held that to present an issue on appeal for review, an appellant must submit argument and authority as required by rule. We assume where arguments in briefs are unsupported by cited authority, counsel after diligent search, was unable to find any supporting authority. We therefore will not do this research for counsel. Issues raised in appellate briefs which are unsupported by cited authority will not be reviewed by us on appeal.

*In re Adoption of Doe*, 1984-NMSC-024, ¶ 2, 100 N.M. 764, 676 P.2d 1329 (citations omitted).

{8}    We briefly address Defendant's argument that the district court found that her proposed expert was qualified as an expert in handwriting but still wrongly excluded her in part because she lacked law enforcement experience. The district court, in fact,

5

did not exclude the proposed expert because of a lack of law enforcement experience, but because the court found her to be *un*qualified. Of significance, law enforcement experience was never raised below by any party nor was it considered by the court in its decision to exclude the handwriting expert. Rule 12-318(A)(4) NMRA requires an appellant to

> set forth a specific attack on any finding, or the finding shall be deemed conclusive. A contention that a verdict, judgment, or finding of fact is not supported by substantial evidence shall be deemed waived unless the argument identifies with particularity the fact or facts that are not supported by substantial evidence[.]

As Defendant has raised no facts and cited no authority properly attacking the district court's findings excluding the proposed expert from providing expert handwriting testimony, we deem those findings conclusive and affirm the district court's decision.

**Lay Testimony Identifying Handwriting**

{9}     At trial, Plaintiff Linda Roberts testified she was familiar with Defendant's signature. Defendant claims the testimony of Plaintiff and of other lay witnesses about Defendant's handwriting was improper and should not have been admitted because Plaintiff was motivated to falsely claim she recognized the initials in the hopes of receiving a favorable judgment and recovery. Defendant fails to disclose on appeal the fact that she agreed and conceded at trial that her own lay-witness testimony as well as the testimony of a third-party defendant about her handwriting is admissible under New Mexico law. Indeed, it is well established that expert opinion is not necessary to

6

establish the identity of a writer. *State v. Rotibi*, 1994-NMCA-003, ¶ 21, 117 N.M. 108, 869 P.2d 296. Plaintiff's argument has no merit.

{10} Even after conceding the legal issue, Defendant continued to object to Plaintiff's testimony on the basis of lack of foundation. Defendant did not raise her foundation argument on appeal, and we do not discuss it further. *State v. Correa*, 2009-NMSC-051, ¶ 31, 147 N.M. 291, 222 P.3d 1 ("On appeal, issues not briefed are considered abandoned, and we do not raise them on our own."). She also objected below to the testimony as prejudicial. As Defendant provides no reasoning or authority to support her claims of prejudice beyond asserting that Plaintiff was a party opponent, we decline to further examine this issue. *See In re Doe*, 1984-NMSC-024, ¶ 2. "An assertion of prejudice is not a showing of prejudice." *State v. Hoxsie*, 1984-NMSC-027, ¶ 8, 101 N.M. 7, 677 P.2d 620, *overruled on other grounds by Gallegos v. Citizens Ins. Agency*, 1989-NMSC-055, ¶ 28, 108 N.M. 722, 779 P.2d 99.

**Dismissal of Cross-Claims and Counterclaims as Sanction for Repeated Discovery Abuses**

{11} The district court dismissed Defendant's counterclaims and cross-claims as a sanction for her egregious and ongoing discovery violations, culminating in her attempt on the last day of trial to introduce emails that should have been previously

produced and were visibly altered. Plaintiffs correctly note that, while Defendant makes numerous arguments about the actions of the court and opposing counsel, she fails to directly attack any specific finding. She cites no legal authority beyond arguing that the district court applied the wrong standard of review. She also ultimately fails to directly argue that dismissal of her cross-claims and counterclaims was error or otherwise improper.

{12}     The appellate court presumes that the district court is correct. The burden is on the appellant to clearly demonstrate that the district court erred. *Farmers, Inc. v. Dal Mach. & Fabricating, Inc.*, 1990-NMSC-100, ¶ 8, 111 N.M. 6, 800 P.2d 1063. "Issues raised in appellate briefs which are unsupported by cited authority will not be reviewed by us on appeal." *In re Adoption of Doe*, 1984-NMSC-024, ¶ 2. Defendant has failed to carry her burden, and we therefore conclude that the district court's assessment of sanctions was not an abuse of discretion.

**Accusations of Judicial Bias**

{13}     Defendant asserts judicial bias by the district court. Although she argues that every judge who presided over the case below should have recused, Defendant makes only one preserved argument on the matter, claiming the last district judge in the case wrongly denied Defendant's motion for recusal. We repeat that we do not address any

8

unpreserved or nonspecific arguments of bias. *See Woolwine v. Furr's, Inc.*, 1987-NMCA-133, ¶ 20, 106 N.M. 492, 745 P.2d 717 ("To preserve an issue for review on appeal, it must appear that [the] appellant fairly invoked a ruling of the trial court on the same grounds argued in the appellate court."). We briefly dispense with Defendant's sole preserved argument.

{14}      Twenty-four days before trial, Defendant filed a motion for the district court to recuse for cause. Without authority, she argued the court had a conflict of interest that required recusal. Defendant asserted the presiding judge had been involved as a prosecutor in a previous unrelated case against Third-Party Defendant, Josh Ashbaugh. Defendant accused the prosecutors in the unrelated case of giving preferential treatment to Ashbaugh but failed to provide any evidence, testimony, or legal authority supporting either this accusation or her claim of resultant bias against her in the present case.[1]

---

[1]It is undisputed that the district court was not a prosecutor on the case, but merely signed pleadings in the prosecuting attorney's absence. It was found by the

9

**{15}** Defendant also argued it was biased for the court to mention that it anticipated *Daubert* motions after the parties disclosed they may call expert witnesses. Defendant further believes bias was shown by the district court when it ruled adversely to her. These instances cannot and do not demonstrate bias. *See State v. Hernandez*, 1993-NMSC-007, ¶ 44, 115 N.M. 6, 846 P.2d 312 (stating that adverse rulings or enforcement of the rules does not establish judicial bias). We also reject Defendant's unsupported argument that a judge should not hold a pro se party to the same standards as attorneys. Pro se litigants are held to the "same standard of conduct and compliance with court rules, procedures, and orders as are members of the bar." *Newsome*, 1985-NMSC-096, ¶ 18. What is most troubling is that Defendant here actually has legal training and experience, and she is more equipped than a typical pro se party to represent herself in compliance with the same standards as members of the bar.

**{16}** Defendant wholly failed to demonstrate any personal involvement by the judge, nor did she establish any other legitimate reasons for disqualification. *See State ex rel. Bardacke v. Welsh*, 1985-NMCA-028, ¶ 63, 102 N.M. 592, 698 P.2d 462 (holding that a judge need not disqualify himself when the movant cannot demonstrate that the

court that, in addition to a telephonic approval of the complaint, the court's signature was only on one document: a stipulated order to set bond that was subsequently amended by the prosecutor.

judge is personally embroiled in the case, and when the movant raises no legitimate reasons for disqualification). "Recusal is only required when a judge has become so embroiled in the controversy that he or she cannot fairly and objectively hear the case." *Trujillo*, 2009-NMCA-128, ¶ 11 (alterations, internal quotation marks, and citation omitted). In determining whether an objective observer would conclude that a judge's impartiality was questionable, "an appellate court should look to see how the judge arrived at the decision not to recuse and then should review the judge's actions for bias." *State v. Riordan*, 2009-NMSC-022, ¶ 11, 146 N.M. 281, 209 P.3d 773. "In *Riordan*, the fact that no objective evidence of bias on the part of the court was presented indicated that there was no impropriety for the court to remain on the case." *Trujillo*, 2009-NMCA-128, ¶ 10. Whether a judge should excuse himself is within the conscience and discretion of the judge. *State v. Harris*, 1997-NMCA-119, ¶ 14, 124 N.M. 293, 949 P.2d 1190. Further, there must be a reasonable, factual basis for doubting the judge's impartiality. *See Bardacke*, 1985-NMCA-028, ¶ 63.

{17}     As a final matter, we emphasize that the district court's previous contact with one party in the case was negligible and not of a nature that would cause an objective observer to question its impartiality. And because adverse rulings against Defendant are not evidence of bias, we affirm the district court's denial of Defendant's motion to recuse. Our review of the record demonstrates that, to the contrary, the district court here displayed exceptional patience in addressing Defendant's unintelligible and

11

unsupported arguments and made a clear record of its findings and conclusions on each ruling reviewed on appeal.

**Unpreserved Arguments Are Not Considered on Appeal**

{18}    Defendant appears to raise issues as to the merits of the district court's judgment in favor of Plaintiffs regarding contract law interpretation. As she cites to no place in the record where her argument was raised below, we decline to review it. We do not review arguments that are raised for the first time on appeal. *See Campos Enters. v. Edwin K. Williams & Co.*, 1998-NMCA-131, ¶ 12, 125 N.M. 691, 964 P.2d 855.

**CONCLUSION**

{19}    We affirm the district court's ruling in all respects.

{20}    **IT IS SO ORDERED.**

_____

**LINDA M. VANZI, Chief Judge**

**WE CONCUR:**

_____

**MICHAEL E. VIGIL, Judge**

_____

**HENRY M. BOHNHOFF, Judge**