The slip opinion is the first version of an opinion released by the Chief Clerk of the Supreme Court. Once an opinion is selected for publication by the Court, it is assigned a vendor-neutral citation by the Chief Clerk for compliance with Rule 23-112 NMRA, authenticated and formally published. The slip opinion may contain deviations from the formal authenticated opinion.

**IN THE SUPREME COURT OF THE STATE OF NEW MEXICO**

**January 30, 2023**

**NO. S-1-SC-39193**

**INQUIRY CONCERNING A JUDGE**
**JSC Inquiry No. 2021-015**

**IN THE MATTER OF**
**HON. MARY W. ROSNER**
**Third Judicial District Court**

**PUBLIC CENSURE**

{1}     This matter came before this Court on the Petition to Accept the Stipulation Agreement and Consent to Discipline between the Judicial Standards Commission of the State of New Mexico (the Commission) and Respondent, Honorable Mary W. Rosner, a district court judge in the Third Judicial District. The petition was supplemented with a proposed public censure.

{2}     Following oral argument in this matter, we granted the petition and accepted the terms of the Stipulation Agreement and Consent to Discipline (Stipulation) in part, adopting the Commission's request that we issue a public censure, but substituting in place of the Commission's suggested censure, this public censure. We now publish this public censure in the State Bar of New Mexico *Bar Bulletin* in accordance with our Order, the Stipulation, and JSC Rule 36(C)(5) NMRA.

## I.   BACKGROUND

{3}   This matter arose out of Judge Rosner's handling of Cause No. D-307-DM-2014-00786, a domestic matter involving the custody of a minor child (the Soto matter). During the course of the proceedings, the parties stipulated to and Judge Rosner entered an order in November 2017, which appointed Dr. Harold Smith to serve as the parenting coordinator in the Soto matter to reduce conflict between the parties and to assist the court in modifying an existing parenting plan and/or developing a new parenting plan.

{4}   Three years later, Father retained new counsel who quickly, upon entering her appearance, filed two separate motions: a motion to recuse for cause, requesting Judge Rosner's recusal (recusal motion) and a motion to remove Dr. Harold Smith as the court-appointed parenting coordinator and to revoke his quasi-judicial immunity (removal motion). The recusal motion alleged that recusal was required so as to compel Judge Rosner's testimony about why Dr. Smith was appointed as the parenting coordinator three years prior in 2017. The removal motion alleged that Dr. Smith was not qualified to continue to serve as the parenting coordinator.

{5}   One week after Father's counsel filed these motions and before a hearing was held, the *Las Cruces Sun-News* published an article reporting many of the allegations contained in the two motions—that Dr. Smith was not a qualified parenting

coordinator and that Judge Rosner recommended and issued an order appointing Dr. Smith despite his purported lack of qualifications. The article criticized the Third Judicial District's parenting program, along with Judge Rosner and her involvement in that program and her subsequent order appointing Dr. Smith.

{6}     Judge Rosner admits she read the *Las Cruces Sun-News* article and the two motions filed by Father's counsel and that she considered them to be personal criticisms, factually inaccurate, and misleading. Judge Rosner admits that she felt personally attacked but nevertheless continued to preside over the Soto matter, including over the recusal motion and the removal motion, because she believed then that she could be impartial, set aside her personal feelings, and continue with her duty to sit. *See Gerety v. Demers*, 1978-NMSC-097, ¶ 9, 92 N.M. 396, 589 P.2d 180 (explaining a judge's duty to sit is equally as compelling as a judge's duty to recuse when disqualified, "[r]ecusal should be used only for the most compelling reasons[,]" and a judge "has no right to disqualify [herself] unless there is a compelling constitutional, statutory or ethical cause for so doing"). Following the hearing on the two motions, Judge Rosner issued an Order Denying Respondent's (Father's) Motion to Recuse for Cause, and Order Denying Respondent's (Father's) Motion to Remove Parenting Coordinator and Revoke Parenting Coordinator's Quasi-Judicial Immunity. In paragraph 17 of the order, Judge Rosner stated:

3

Rather than bring to [the c]ourt her claims of alleged misconduct by Harold Smith and this [c]ourt, [Father's counsel] took her motions to the *Las Cruces Sun News*, without input from anyone other than herself. At the hearing, on her two motions . . . her client, [Father], testified under oath, that he had never had any contact nor had he made any statement to any reporter of the *Las Cruces Sun News*. The article, which appeared on the front page of the *Las Cruces Sun News* on July 21, 2020, sought to damage Harold Smith and this [c]ourt by implying an inappropriate relationship between Harold Smith and the undersigned judge, and bias by this [c]ourt and Harold Smith against [Father]. Noteworthy, is the failure of [Father's counsel] to attack Dr. Caplan's report which is the most damaging report against her client . . . . At the request of [Father's counsel], Dr. Caplan's report has been sealed.

After the order denying Father's motions was filed, Father's counsel renewed her motion to recuse. Three days later Judge Rosner recused herself from the Soto matter. Father's counsel subsequently filed a disciplinary complaint, and this disciplinary proceeding followed.

{7}	Upon completion of its investigation, the Commission entered into a stipulation with Judge Rosner to resolve the matter. As part of that stipulation, Judge Rosner admitted to engaging in the following acts listed in order of significance to the Commission:

(1)	Judge Rosner failed to recuse from Cause No. D-307-DM-2014-00786, when she knew or should have known that she could no longer be fair and impartial following the publication of the *Las Cruces Sun-News* article which she believed was written by Father's counsel.

4

(2) Judge Rosner inappropriately used paragraph 17 of the order denying Father's motions to directly respond to allegations in a *Las Cruces Sun-News* article that she thought was written by and/or because of Father's counsel. In doing so, Judge Rosner admits she cast Father's counsel and Father's credibility and reputation in a negative light.

(3) Judge Rosner inappropriately referenced the conclusion of a sealed doctor's report in paragraph 17 of the order denying Father's motions, noting that the report was unfavorable to Father. Judge Rosner admits that there was no substantive purpose for this reference, and it was used as a retort to the *Las Cruces Sun-News* article.

{8} Judge Rosner agreed and admitted that her conduct violated the following Rules of the Code of Judicial Conduct:

- Rule 21-101 NMRA (requiring compliance with the law).

- Rule 21-102 NMRA (promoting confidence in the judiciary).

- Rule 21-202 NMRA (impartiality and fairness).

- Rule 21-203 NMRA (bias, prejudice, and harassment).

- Rule 21-204(A)-(B) NMRA (avoiding external influences on judicial conduct).

- Rule 21-210(A), (E) NMRA (judicial statement on pending and impending cases).

- Rule 21-211(A)(1) NMRA (disqualification).

Based on these admitted violations, Judge Rosner agreed to (1) enroll in and successfully complete, at her own expense, *Ethics and Judging: Reaching Higher*

5

*Ground*, a National Judicial College Course and (2) receive a public censure to be published in the State Bar of New Mexico *Bar Bulletin*. This is that censure.

## II.    DISCUSSION

{9}    Article VI, Section 32 of the New Mexico Constitution provides that "any justice, judge or magistrate of any court may be disciplined or removed for willful misconduct in office." "[W]illful misconduct in office is improper and wrong conduct of a judge acting in [her] official capacity done intentionally, knowingly, and, generally in bad faith. It is more than a mere error of judgment or an act of negligence." *In re Locatelli*, 2007-NMSC-029, ¶ 8, 141 N.M. 755, 161 P.3d 252 (internal quotation marks and citation omitted). Willful misconduct must be proven by clear and convincing evidence prior to the imposition of discipline. *Id.* ¶ 7. "There need not be clear and convincing evidence to support each and every [allegation or fact]. Rather, we must be satisfied by clear and convincing evidence that there is willful judicial misconduct which merits discipline." *In re Castellano*, 1995-NMSC-007, ¶ 37, 119 N.M. 140, 889 P.2d 175; *see also In re Schwartz*, 2011-NMSC-019, ¶ 13, 149 N.M. 721, 255 P.3d 299.

{10}    In this case, while Judge Rosner denied willfully violating any of these rules, she acknowledged and stipulated that the facts and evidence, individually and taken together, may constitute willful misconduct in office and provide this Court with a

6

sufficient basis to impose discipline pursuant to Article VI, Section 32 of the New Mexico Constitution. We agree that while violations of the Code of Judicial Conduct do not control the imposition of discipline, they do provide evidence of misconduct. *See Schwartz*, 2011-NMSC-019, ¶¶ 12, 25.

{11} Rules 21-101 and 21-102 codify the overarching principles that govern a judge's conduct, requiring a judge to "respect and comply with the law, including the Code of Judicial Conduct," and to "at all times [act] in a manner that promotes public confidence in the independence, integrity, and impartiality of the judiciary" and "avoid impropriety and the appearance of impropriety." Even an appearance of impropriety erodes the public's confidence in the judiciary. Rule 21-102, comm. cmt. 3. "The test for appearance of impropriety is whether the conduct would create in reasonable minds a perception that the judge violated [the Code of Judicial Conduct] or engaged in other conduct that reflects adversely on the judge's honesty, impartiality, temperament, or fitness to serve as a judge." Rule 21-102, comm. cmt. 5.

{12} Rule 21-202 requires a judge to "uphold and apply the law and . . . perform all duties of judicial office fairly and impartially," while Rule 21-203 requires that a judge perform those duties without bias or prejudice. Rule 21-211(A)(1) requires that a judge recuse when "the judge's impartiality might reasonably be questioned,

7

including but not limited to [when t]he judge has a personal bias or prejudice concerning a party or party's lawyer." To determine whether a judge is required to recuse for an appearance of impropriety, we consider "whether an objective, disinterested observer, fully informed of the underlying facts, would entertain significant doubt that justice would be done absent recusal." *State v. Riordan*, 2009-NMSC-022, ¶ 11, 146 N.M. 281, 209 P.3d 773 (text only)[1] (citation omitted). Further, "deference should be given to" the district court's decision "when there is a significant possibility that the defendant is attempting to manipulate the [justice] system." *Id.* (internal quotation marks and citation omitted).

{13}   We agree that the conduct admitted to by Judge Rosner is sufficient to support a conclusion that she violated the foregoing rules. It is evident from the language used in paragraph 17 of the order denying Father's motions that Judge Rosner believed Father and Father's counsel intentionally sought to manipulate the judicial process and cause damage to her by simultaneously filing the two motions and providing information to the *Las Cruces Sun-News*. However, none of the facts in paragraph 17 were necessary for the disposition of Father's motions, and their

---

[1]The "text only" parenthetical as used herein indicates the omission of all of the following—internal quotation marks, ellipses, and brackets—that are present in the quoted source, leaving the quoted text itself otherwise unchanged.

unnecessary inclusion in the order denying Father's motions calls into question Judge Rosner's impartiality, notwithstanding any artifices or gamesmanship on the part of Father or his counsel.

{14} We acknowledge that the precise time to recuse is not always clear and that a judge "must exercise [her] judicial function." *Gerety*, 1978-NMSC-097, ¶ 10. In performing her required duties, Judge Rosner determined at the time she considered Father's two motions that she could continue presiding over the Soto matter without violating the Code of Judicial Conduct. Nevertheless, the facts of this case support a conclusion that "an objective, disinterested observer . . . would . . . doubt that justice would be done" if Judge Rosner were allowed to continue on the case. *Riordan*, 2009-NMSC-022, ¶ 11 (brackets, internal quotation marks, and citation omitted). Here, Father's counsel's two motions contained allegations of ethical and legal misconduct by Judge Rosner. The *Las Cruces Sun-Times* article also alleged ethical and legal misconduct by Judge Rosner. Judge Rosner believed Father's counsel was the source of the article and admitted she felt personally attacked by the article. In response, Judge Rosner, rather than simply addressing the merits of Father's motions, included the gratuitous accusations set out in paragraph 17 of the order denying Father's motions. Once her impartiality might have reasonably been questioned, Judge Rosner was obligated to recuse, and her failure to do so violated

9

Rule 21-211(A). Notwithstanding this violation, we recognize that Judge Rosner ultimately remedied her error, reconsidering whether she could remain impartial and subsequently recusing from the Soto matter.

{15}    Rule 21-204(A)-(B) requires that a "judge . . . not be swayed by public opinion or fear of criticism" and "shall not permit family, social, political, financial, or other interests or relationships to influence the judge's judicial conduct or judgment." Judge Rosner admits, and we agree, that her conduct violated Rule 21-204(A)-(B) when she reacted to the criticism in the *Las Cruces Sun-News* article and included the language in paragraph 17 of the order denying Father's motions.

{16}    Judge Rosner's statements also violate Rule 21-210(A)'s proscription of statements that might affect the outcome of a pending or impending case. The statements suggest that there is at least an appearance that Judge Rosner may not be impartial to the parties, which certainly may impact the outcome of a proceeding. While Rule 21-210(A), (E) allows a judge to respond to criticism, it cannot be done in a manner that may appear to impact the outcome of a proceeding and cannot be done using court orders in active proceedings.

{17}    While we commend Judge Rosner for recusing when she realized she could not be impartial, her use of the order denying Father's motions, a tool used to carry out her official judicial duties under Article VI, Section 1 of the New Mexico

Constitution, to respond to criticism was inappropriate. It was also inappropriate to reference the conclusion of the sealed doctor's report, not only because it was sealed, but also because it had no bearing on the disposition of Father's motions. While judges may respond to public or personal criticism, they may not do so in carrying out their official judicial duties. Rule 21-300 NMRA ("A judge shall conduct the judge's personal and extrajudicial activities to minimize the risk of conflict with the obligations of judicial office."). Having misused the order denying Father's motions to respond to public criticism, we conclude that Judge Rosner violated Rule 21-204(A)-(B) and Rule 21-201(A), (E).

{18}    We recognize the challenges faced by district court judges, often presiding over emotionally charged cases involving litigants and lawyers who might challenge their authority, insult their integrity, impugn their good names, and even attempt to bait them into losing control. In those instances, district court judges, no matter how egregious the behavior by counsel or clients, must remain above the fray in order to carry out their official duties. Judges are equipped with tools to address inappropriate behavior on the part of the parties and counsel, in the form of sanctions and contempt powers, which should be used as needed. Judges must always remain cognizant that an essential function of their role in the judiciary is to be a neutral arbiter even in the throes of highly adversarial proceedings. By adhering to these responsibilities, the

11

judge may effectively avoid any appearances of impropriety, as well as actual instances of impropriety.

{19} While Judge Rosner's admitted conduct violates several of the Rules of Judicial Conduct, this Court looks at various factors when deciding to impose judicial discipline including "the nature of the misconduct and patterns of behavior[,] . . . the seriousness of the transgression, the facts and circumstances that existed at the time of the transgression, the extent of any pattern of improper activity, whether there have been previous violations, and the effect of the improper activity upon the judicial system or others." *Schwartz*, 2011-NMSC-019, ¶ 25 (internal quotation marks and citation omitted).

{20} Here, while Judge Rosner was acting in an official capacity and using a judicial tool when she violated the Rules of Judicial Conduct, Judge Rosner has been a long-standing judge in the Third Judicial District and has not previously had a complaint filed against her before the Commission. This is her first and only incident of misconduct. Also, it is significant that Judge Rosner took action to remedy any perceived misconduct by recusing herself promptly when she recognized that she could not be impartial. We conclude all of the foregoing to be mitigating factors in favor of a lesser degree of discipline for Judge Rosner. She, however, did violate the

foregoing rules, which in the aggregate, we conclude is sufficient to support a finding of willful conduct sufficient for the imposition of this public censure.

## III. CONCLUSION

{21} We, therefore, accept the stipulated agreement presented by the Commission and Judge Rosner and issue this public censure to Judge Rosner. While we issue this censure in part as an assurance to the public that we do not tolerate judicial misconduct, we also issue this censure to remind judges of their responsibilities to avoid the appearance of impropriety notwithstanding bad behavior or even provocation by litigants and lawyers. This censure also reaffirms our commitment to insure fair and impartial justice under the law.

{22} For the foregoing reasons, Respondent, Honorable Mary W. Rosner is hereby censured for her willful misconduct, and the Stipulation is accepted, adopted, and confirmed.

{23} **IT IS SO ORDERED.**

_____
**C. SHANNON BACON, Chief Justice**

_____
**MICHAEL E. VIGIL, Justice**

_____
**DAVID K. THOMSON, Justice**

**JULIE J. VARGAS, Justice**

**BRIANA H. ZAMORA, Justice**