This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports. Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

No. A-1-CA-40341

**SHANNON K. JARAMILLO n/k/a
SHANNON K. POGZEBA,**

　　　　Petitioner-Appellee,

v.

**MARIO JARAMILLO,**

　　　　Respondent-Appellant.

**APPEAL FROM THE DISTRICT COURT OF BERNALILLO COUNTY
Gerard J. Lavelle, District Court Judge**

Matteucci Family Law, P.C.
Robert P. Matteucci
Albuquerque, NM

for Appellee

Mario Jarmillo
Albuquerque, NM

Pro Se Appellant

## MEMORANDUM OPINION

**IVES, Judge.**

**{1}**　Respondent, a self-represented litigant, appeals the district court's order granting Petitioner's request to relocate Child to Nebraska. We issued a calendar notice proposing to affirm. Respondent has filed a memorandum in opposition, which we have duly considered. Unpersuaded, we affirm.

**{2}**　In his memorandum in opposition, Respondent acknowledges that he failed to preserve his argument regarding Rule 1-054.1 NMRA because he was unaware of the

rule's existence, but argues that his "lack of awareness constitutes a legitimate reason for not raising the issue." [DS 2] Respondent also argues that the Judge hindered his ability to preserve the issue by silencing and interrupting him. [*Id.*] Having acknowledged that he was unaware of the existence of the rule prior to this appeal, Respondent's assertion that the district court judge's actions prevented him from asking that the rule be applied is unpersuasive. Moreover, Respondent's claim that his argument was not raised in district court due to his own lack of knowledge does not constitute one of the narrow reasons that may justify our review of unpreserved issues, and Respondent does not claim that any preservation exceptions apply. *See* Rule 12-321(B)(2) NMRA (stating that we may review a claim that has not been preserved when the matter involves the general public interest, plain error, fundamental error, or the fundamental rights of a party); *see also Muse v. Muse*, 2009-NMCA-003, ¶ 57, 145 N.M. 451, 200 P.3d 104 ("[A] fundamental right is that which the Constitution explicitly or implicitly guarantees." (internal quotation marks and citation omitted)); *N.M. State Bd. of Psych. Exam'rs v. Land*, 2003-NMCA-034, ¶ 25, 133 N.M. 362, 62 P.3d 1244 (stating that "the fundamental error doctrine does not apply to civil cases except in the most extraordinary circumstances," and "is generally limited to those instances in which the innocence of the accused remains unassailable, and to allow the conviction to stand would shock the conscience of the court"); *Azar v. Prudential Ins. Co. of Am.*, 2003-NMCA-062, ¶ 28, 133 N.M. 669, 68 P.3d 909 (stating that a matter of substantial public interest is one that "is likely to settle a question of law affecting the public at large or a great number of cases and litigants in the near future"). As such, we conclude that the arguments asserted by Respondent in his memorandum in opposition do not impact the analysis set forth in our proposed disposition of this issue.

**{3}** Respondent also continues to challenge the district court judge's denial of Respondent's motion to recuse. [MIO 2-3] "We review the denial of a motion to recuse for an abuse of discretion." *N.M. Constr. Indus. Div. & Manufactured Hous. Div. v. Cohen*, 2019-NMCA-071, ¶ 25, 453 P.3d 456 (internal quotation marks and citation omitted). In determining whether an objective observer would conclude that a judge's impartiality was questionable, "an appellate court should look to see how the judge arrived at the decision not to recuse and then should review the judge's actions for bias." *State v. Riordan*, 2009-NMSC-022, ¶ 11, 146 N.M. 281, 209 P.3d 773. There must be a "reasonable factual basis for doubting the judge's impartiality"; a claim of bias "cannot be based on mere speculation." *N.M. Constr. Indus. Div. and Manufactured Hous. Div.*, 2019-NMCA-071, ¶ 26 (internal quotation marks and citation omitted).

**{4}** Respondent argues that his motion seeking recusal was based on "factual circumstances that, if true, could reasonably cast doubt on the judge's impartiality." [MIO 3] These circumstances include interactions that the judge had with Petitioner's counsel (Counsel) more than a decade earlier; the judge's use of Counsel in his professional capacity to act as a settlement facilitator, personal representative, and special master in cases unrelated to this one; and both the judge and Counsel having ties to Nebraska. [MIO 3] In denying Respondent's motion, the judge took note of the fact that Respondent had not previously made any assertions of bias when the judge ruled against Petitioner but now asserted bias based on the denial of Respondent's

motions. [DS 3] Given that it is well-settled that "adverse rulings do not constitute bias," *Albuquerque Bernalillo Cnty. Water Util. Auth. v. N.M. Pub. Regul. Comm'n*, 2010-NMSC-013, ¶ 42, 148 N.M. 21, 229 P.3d 494, we conclude that there was no reasonable factual basis to determine the judge could not fairly and objectively hear the case. *See N.M. Constr. Indus. Div. & Manufactured Hous. Div.*, 2019-NMCA-071, ¶ 26 ("Recusal is only required when a judge has become so embroiled in the controversy that he or she cannot fairly and objectively hear the case." (alterations, internal quotation marks, and citation omitted)). Respondent's argument that the district court judge abused his discretion in declining to recuse himself is therefore unpersuasive.

**{5}** Respondent also continues to argue that the district court erred by failing to issue findings of fact and conclusions of law along with its order granting Petitioner's request to relocate Child. [MIO 3] As stated in our notice of proposed disposition, the district court's failure to issue written findings of fact and conclusions of law is not error in light of the fact that it explained its rational orally during the hearing on the merits. *See Burris-Awalt v. Knowles*, 2010-NMCA-083, ¶ 10, 148 N.M. 616, 241 P.3d 617. This Court also noted in the proposed disposition that Respondent had not identified any reason to believe the district court failed to consider relevant facts in making its decision and that Respondent failed to identify the facts he felt were necessary to the district court's decision but were omitted from the district court's reasoning or that should have been identified in a written finding. [CN 6] Respondent's memorandum in opposition fails to clarify the issue, asserting only that "a comprehensive written explanation would provide a more detailed and complete understanding of the [district] court's reasoning as well as conducting a best interest analysis." [MIO 3-4]

**{6}** "A party responding to a summary calendar notice must come forward and specifically point out errors of law and fact," and the repetition of earlier arguments does not fulfill this requirement. *State v. Mondragon*, 1988-NMCA-027, ¶ 10, 107 N.M. 421, 759 P.2d 1003, *superseded by statute on other grounds as stated in State v. Harris*, 2013-NMCA-031, ¶ 3, 297 P.3d 374. We therefore conclude that Respondent has failed to assert reversible error as to this issue.

**{7}** Throughout his memorandum in opposition, Respondent continues to argue that the district court erred in approving Petitioner's request to relocate with Child. [MIO 4] Our notice proposed to hold that based on the evidence the parties chose to submit, the district court properly concluded that it was in Child's best interest to move to Nebraska with Petitioner, and Respondent failed to demonstrate an abuse of discretion. [CN 9] *See Jaramillo v. Jaramillo*, 1991-NMSC-101, ¶ 27, 113 N.M. 57, 823 P.2d 299 (stating that the district court's role is to "consider as much information as the parties choose to submit" in deciding whether relocation will serve a child's best interests). In response, Respondent makes five assertions that he believes demonstrate reversible error. First, Respondent asserts that relocation is improper because Petitioner filed a motion seeking relocation but did not file a motion to modify custody. [MIO 4] Under *Jaramillo*, either party in a relocation dispute can initiate a proceeding to alter an existing custody arrangement on the ground that a "substantial and material change in circumstances" is about to occur: "In almost every case in which the change in circumstances is

occasioned by one parent's proposed relocation, the proposed move will establish the substantiality and materiality of the change." *Id.* Respondent has not identified any authority to suggest a motion to modify must precede a motion seeking relocation, and our case law does not support imposing such a requirement. *See Hopkins v. Wollaber*, 2019-NMCA-024, ¶ 21, 458 P.3d 583 (recognizing *Jaramillo* as governing cases in which joint custody in both parents is continued, but one parent seeks modification of the joint custody arrangement in order to accommodate a long-distance relocation).

{8}     Second, Respondent argues the district court erred in failing to "adequately explore alternatives or consider whether there were less restrictive means to address any concerns related to [C]hild's well-being." [MIO 4] Third, Respondent similarly argues that it was improper for the district court to order supervised visitation in Nebraska rather than in New Mexico. [MIO 5] Respondent does not, however, cite to any authority to support either assertion. As we noted in the proposed disposition, our case law recognizes that the failure to cite legal authority to support an argument constitutes grounds for this Court refusing to review an issue. *See ITT Educ. Servs., Inc. v. N.M. Tax'n & Revenue Dep't*, 1998-NMCA-078, ¶ 10, 125 N.M. 244, 959 P.2d 969 (refusing to consider a proposition that was unsupported by citation to authority); *In re Adoption of Doe*, 1984-NMSC-024, ¶ 2, 100 N.M. 764, 676 P.2d 1329 (explaining that where arguments are not supported by cited authority, we presume counsel was unable to find supporting authority, will not research authority for counsel, and will not review issues unsupported by authority).

{9}     Fourth, Respondent argues that the district court did not consider Child's best interests before making a decision regarding relocation. [MIO 4] More specifically, Respondent asserts that the district court improperly allowed for relocation based on Respondent's refusal to submit to a mental health evaluation, and he argues that it was inappropriate for the district court to require such an evaluation. [MIO 4-5] As noted in the proposed disposition, the district court received testimony from both parties, as well as other witnesses [CN 8-9], and made credibility determinations based on the evidence before it, ultimately concluding that relocation was in Child's best interests [DS 6-7, 11-12]. We therefore conclude that Respondent's assertion that the district court "did not consider the evidence, arguments, and [C]hild's best interests" is not supported by the facts in this case.

{10}    Insofar as Respondent asserts it was improper for the district court to seek a psychological evaluation of Respondent or to consider Respondent's refusal to submit to such an evaluation, his argument is unpersuasive in light of the fact that the "mental and physical health of all individuals involved" is a factor that the district court is statutorily required to consider in determining the best interests of Child. *See* NMSA 1978, § 40-4-9(A)(5) (1977). Additionally, Respondent has neither identified any relevant factors that he believes the district court failed to consider, nor identified additional facts or evidence he believes the district court omitted from its best interests analysis. As a result, Respondent has failed to demonstrate the district court abused its discretion in concluding relocation was in Child's best interests. *See Hopkins*, 2019-

NMCA-024, ¶ 9 (reviewing the district court's child custody determination for an abuse of discretion).

**{11}** Fifth and finally, Respondent continues to assert the district court's decision violates his constitutionally protected parental rights. [MIO 9; DS 32] "A parent's fundamental right to raise his or her children, however, is secondary to the best interests and welfare of the child." *Lucero v. Hart*, 1995-NMCA-121, ¶ 17, 120 N.M. 794, 907 P.2d 198. In light of our analysis of the district court's best interests determination and the broad nature of Respondent's assertion, Respondent has failed to demonstrate reversible error as to this issue. *See, e.g.*, *State v. Ortiz*, 2009-NMCA-092, ¶ 32, 146 N.M. 873, 215 P.3d 811 (refusing to address conclusory arguments, reasoning that "[a] party cannot throw out legal theories without connecting them to any elements and any factual support for the elements" (internal quotation marks and citation omitted)). To the extent Respondent also seeks to advance this argument on Child's behalf, he may not do so. *See In re Schmidt*, 1997-NMSC-008, ¶ 13, 122 N.M. 770, 931 P.2d 1386 (noting that litigants "may not appear through unlicensed laymen[—]not even their parents").

**{12}** Respondent has not otherwise asserted any fact, law, or argument in his memorandum in opposition that persuades us that our notice of proposed disposition was erroneous. *See Mondragon*, 1988-NMCA-027, ¶ 10; *see also Hennessy v. Duryea*, 1998-NMCA-036, ¶ 24, 124 N.M. 754, 955 P.2d 683 ("Our courts have repeatedly held that, in summary calendar cases, the burden is on the party opposing the proposed disposition to clearly point out errors in fact or law."). Accordingly, for the reasons stated in our notice of proposed disposition and herein, we affirm the district court's order granting Petitioner's request to relocate Child to Nebraska.

**{13} IT IS SO ORDERED.**

**ZACHARY A. IVES, Judge**

**WE CONCUR:**

**J. MILES HANISEE, Judge**

**SHAMMARA H. HENDERSON, Judge**